(Slip Opinion) OCTOBER TERM, 2025 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BERK *v.* CHOY ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24–440.  Argued October 6, 2025—Decided January 20, 2026

Delaware law provides that a plaintiff may not sue for medical malpractice unless a medical professional attests to the suit's merit in an "affidavit of merit" that "accompanie[s]" the plaintiff's complaint. Del. Code, Tit. 18, §6853(a)(1). Petitioner Harold Berk sued Dr. Wilson Choy and Beebe Medical Center in federal court for medical malpractice under Delaware law, but failed to provide the affidavit required by §6853. Berk argued that §6853 is not enforceable in federal court because it is displaced by the Federal Rules of Civil Procedure. The District Court dismissed Berk's lawsuit for failure to comply with Delaware's affidavit law. The Third Circuit affirmed.

*Held*: Delaware's affidavit law does not apply in federal court. Pp. 3–11.

   (a) When a plaintiff brings a state-law claim in federal court, the court faces a choice-of-law problem: whether to apply state or federal law. The Rules of Decision Act directs federal courts to apply state substantive law unless the Constitution, a treaty, or a statute otherwise requires or provides. 28 U. S. C. §1652. The Rules Enabling Act, which authorizes the Supreme Court to adopt uniform rules of procedure for district courts, provides for the application of federal law. §2072(a). So, when a valid Federal Rule of Civil Procedure is on point, it displaces contrary state law even if the state law would qualify as substantive under *Erie R. Co.* v. *Tompkins*, 304 U. S. 64. The analysis is straightforward: The Court first asks whether a Federal Rule answers the disputed question. If a Federal Rule does, it governs, unless it "exceeds statutory authorization or Congress's rulemaking power." *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U. S. 393, 398. Pp. 3–4.

(b) Here, Rule 8 answers the disputed question whether Berk's lawsuit may be dismissed because his complaint was not accompanied by an affidavit. Rule 8 prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). By requiring no more than a statement of the claim, Rule 8 establishes "implicitly, but with unmistakable clarity," *Hanna* v. *Plumer*, 380 U. S. 460, 470, that evidence of the claim is *not* required. Rule 12 reinforces the point by providing only one ground for dismissal based on the merits—"failure to state a claim upon which relief can be granted," Rule 12(b)(6)—and prohibiting courts from considering "matters outside the pleadings" when evaluating whether a plaintiff has stated a claim, Rule 12(d). The court instead asks only whether the complaint's factual allegations, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 570. This Court has consistently rejected efforts by lower federal courts to require more information than Rule 8 requires. Delaware's law and Rule 8 thus give different answers to the question whether Berk's complaint can be dismissed as insufficient because it was unaccompanied by an affidavit.

Defendants offer a workaround: They rewrite Delaware's law. After defendants' edits, the Delaware law is no longer a pleading requirement but a free-floating evidentiary requirement that can serve as the basis for an early dismissal. But that requirement could not be enforced under the Federal Rules. Defendants concede that the absence of an affidavit is not grounds for dismissal under Rule 12(b)(6). And Rule 56 already prescribes the mechanism for putting a plaintiff to his proof: a motion for summary judgment.

Finally, defendants' argument that Rule 11's proviso concerning affidavits incorporates state affidavit laws like §6853 fails because the proviso cannot be read to address affidavits from third parties. Pp. 4–10.

(c) Because Rule 8 and §6853 answer the same question, Rule 8 governs so long as it is valid under the Rules Enabling Act, which requires that Federal Rules be procedural rather than substantive. 28 U. S. C. §2072(b). Rule 8 is valid under the Rules Enabling Act because it "really regulates procedure." *Sibbach* v. *Wilson & Co.*, 312 U. S. 1, 14. Defendants argue that determining whether a Rule is valid under the Rules Enabling Act requires also asking whether *the displaced state law* is substantive, but "the substantive nature of [a state] law, or its substantive purpose, *makes no difference*" to the analysis of a Federal Rule's validity. *Shady Grove*, 559 U. S., at 409. Pp. 10–11.

Reversed and remanded.

Syllabus

BARRETT, J., delivered the opinion of the Court, in which ROBERTS, C. J., and THOMAS, ALITO, SOTOMAYOR, KAGAN, GORSUCH, and KAVANAUGH, JJ., joined. JACKSON, J., filed an opinion concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

－－－－－－－

No. 24–440

－－－－－－－

## HAROLD R. BERK, PETITIONER *v.* WILSON C. CHOY, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

[January 20, 2026]

JUSTICE BARRETT delivered the opinion of the Court.

The cost of malpractice insurance for doctors and hospitals has significantly increased in some areas of the country. In response, several States have imposed a screening mechanism on malpractice suits, requiring plaintiffs to submit an affidavit from a medical professional attesting to the suit's merit. We consider whether Delaware's affidavit requirement applies in federal court and hold that it does not.

I

While on a trip to Delaware, Harold Berk fell out of bed. According to his complaint, he was taken by ambulance to a hospital owned by Beebe Medical Center, Inc., where an X ray revealed a fractured ankle. Dr. Wilson Choy recommended that Berk be fitted with a protective boot.

The fitting did not go well. Hospital employees forced Berk's leg into the boot, twisting his fractured ankle. Still, Dr. Choy did not immediately order another X ray; he told Berk to keep weight off his ankle, proposed a follow-up appointment in two weeks, and sent Berk on his way. At the follow-up, Berk got a second X ray, which showed that his

ankle was not just fractured but also severely deformed, requiring surgery.

Berk sued Beebe Medical Center and Dr. Choy (whom we will call defendants) for medical malpractice under Delaware law. Because Berk and defendants are citizens of different States, Berk could sue in federal court based on diversity jurisdiction.

Under Delaware law, a plaintiff may not sue for medical malpractice unless an affidavit of merit "accompanie[s]" the complaint. Del. Code, Tit. 18, §6853(a)(1) (2025). The affidavit must be signed by a medical professional, §6853(c), and it must state that there are "reasonable grounds to believe that there has been health-care medical negligence committed by each defendant," §6853(a)(1). A plaintiff with "good cause" may secure a single 60-day extension of time in which to file the affidavit, *ibid.*, but he must file the extension motion before or when he files the complaint, §6853(a)(2). If an affidavit does not accompany the complaint and the plaintiff has not filed a timely extension motion, then the clerk of court shall "refuse to file the complaint and it shall not be docketed." §6853(a)(1). The defendants need not take any action with respect to the complaint until 20 days after the affidavit of merit is filed. §6853(a)(4). Upon the defendants' motion, the court must determine *in camera* if the affidavit satisfies the statutory requirements. §6853(d).

Attempting to comply with §6853, Berk immediately moved for an extension of time to file an affidavit. The District Court granted Berk's motion, and Berk tried to track down a doctor willing to provide an affidavit (an ordeal spawning separate litigation). But the clock ran out, and coming up empty-handed, Berk instead filed his medical records under seal. Defendants moved the District Court to review Berk's submissions *in camera* to determine whether they complied with §6853. Berk countered that §6853 is not enforceable in federal court because it is displaced by the

Federal Rules of Civil Procedure.  The District Court disagreed with Berk and dismissed his lawsuit for failure to comply with Delaware's affidavit law.  See 2023 WL 2770573, *1–*2 (D Del., Apr. 4, 2023).

The Third Circuit affirmed, holding that §6853 applies in federal court.  See 2024 WL 3534482, *4 (July 25, 2024). The court concluded that the Federal Rules of Civil Procedure are silent as to whether an affidavit must accompany the complaint.  *Id.*, at *2–*3.  Where the Federal Rules are silent, state law applies if it is substantive.  See *Erie R. Co.* v. *Tompkins*, 304 U. S. 64, 78 (1938).  A state law is substantive if (1) it is outcome determinative, and (2) failing to apply it in federal court would promote forum shopping and the inequitable administration of the law.  See *Hanna* v. *Plumer*, 380 U. S. 460, 467–469 (1965).  After applying this test, the Third Circuit concluded that §6853 is substantive and affirmed the dismissal of Berk's suit.  See 2024 WL 3534482, *3–*4.

We granted certiorari.  604 U. S. 1193 (2025).

## II

State-law claims are usually brought in state court.  But if the parties are citizens of different States and the amount in controversy exceeds a certain threshold, a plaintiff may choose to sue in federal court.  28 U. S. C. §1332.  In that event, the federal court faces a choice-of-law problem: whether to apply state or federal law.  The Rules of Decision Act directs federal courts to apply state substantive law, leaving federal law to cover the rest.  §1652.  Following that direction is harder than it looks, because determining whether a state law is substantive requires a court to enter "*Erie*'s murky waters." *Shady Grove Orthopedic Associates, P. A.* v. *Allstate Ins. Co.*, 559 U. S. 393, 398 (2010).

Yet when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether.  That is because the Rules of Decision Act dictates that state

substantive law must yield if the Constitution, a treaty, or a statute "otherwise require[s] or provide[s]." §1652. And the Rules Enabling Act, which authorizes the Supreme Court to adopt uniform rules of procedure for district courts, provides for the application of federal law. §2072(a); see also Fed. Rule Civ. Proc. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . "). Thus, a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test. See *Hanna*, 380 U. S., at 469–474.

Analyzing whether a Federal Rule displaces state law is straightforward. We first ask whether the Federal Rule "answers the question in dispute." *Shady Grove*, 559 U. S., at 398. In doing so, we interpret the Federal Rules the same way we interpret federal laws more generally: by giving them their "plain meaning." *Walker* v. *Armco Steel Corp.*, 446 U. S. 740, 750, n. 9 (1980). If a Federal Rule answers the disputed question, it governs, unless it "exceeds statutory authorization or Congress's rulemaking power." *Shady Grove*, 559 U. S., at 398.

## A

In this case, the disputed question is whether Berk's lawsuit may be dismissed because his complaint was not accompanied by an expert affidavit.[1] Rule 8 gives the answer.

---

[1] The concurrence objects to our framing the disputed question around dismissal because doing so "assumes that Berk's lawsuit has already been . . . filed and docketed." *Post*, at 4 (JACKSON, J., concurring in judgment). But Berk's lawsuit *has* already been filed and docketed, see No. 1:22–cv–01506 (D Del., Nov. 18, 2022), ECF Doc. 1, which is how it found its way here. The only question in dispute is whether Berk's lawsuit may be dismissed—indeed, that is the question on which we granted certiorari. See Pet. for Cert. i. The concurrence reframes the question in dispute as "what is required to start a medical malpractice case." *Post*, at 4. But because no one argues that the court violated §6853 by docketing Berk's complaint, the concurrence is ultimately forced to grapple with

It prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). By requiring no more than a statement of the claim, Rule 8 establishes "implicitly, but with unmistakable clarity," *Hanna*, 380 U. S., at 470, that evidence of the claim is *not* required. Cf. *Burlington Northern R. Co.* v. *Woods*, 480 U. S. 1, 7–8 (1987) (declining to apply a state statute where a Federal Rule "occupies the statute's field of operation").

Rule 12 reinforces the point. It provides only one ground for dismissal based on the merits: "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6). When evaluating whether a plaintiff has stated a claim, the court cannot consider "matters outside the pleadings." Rule 12(d). The court instead asks only whether the complaint's factual allegations, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 570 (2007). A complaint that satisfies this standard is "well-pleaded" and "may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable." *Id.*, at 556.

By design, this system of pleading makes it relatively easy for plaintiffs to subject defendants to discovery—even for claims that are likely to fail. To protect defendants from this burden, lower federal courts have sometimes tried to require more information for certain kinds of claims: 42 U. S. C. §1983 actions against municipalities, *Leatherman* v. *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U. S. 163 (1993); employment discrimination suits, *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506 (2002); and prisoner suits, *Jones* v. *Bock*, 549 U. S. 199 (2007). We

_____

the question whether Berk's lawsuit may be "dismiss[ed]." *Post*, at 11. By focusing on dismissal from the start, we do not "jum[p] the gun," *post*, at 4, but rather cut to the chase.

have consistently rejected such efforts.  As we explained in
*Leatherman*—which dealt with a demand that plaintiffs
plead certain §1983 claims with added specificity—
Rule 8(a)(2) requires "only" a "'short and plain statement of
the claim.'"  507 U. S., at 165, 168 (quoting Rule 8(a)(2)).
Unless the Federal Rules single out a claim for special
treatment, see, *e.g.*, Fed. Rule Civ. Proc. 9, Rule 8 sets a
ceiling on the information that plaintiffs can be required to
provide about the merits of their claims.

Delaware's affidavit requirement is at odds with Rule 8
because it demands more: A medical malpractice suit can-
not proceed "unless the complaint is accompanied by . . .
[a]n affidavit of merit."  §6853(a)(1).  Under Rule 8, factual
allegations are sufficient, but under the Delaware law, the
plaintiff needs evidence too.  See *Dishmon* v. *Fucci*, 32 A. 3d
338, 344 (Del. 2011) (describing §6853 as imposing a "*prima
facie* evidentiary requiremen[t]"); see also Brief for Re-
spondent Beebe 23 (same).  The two rules thus give differ-
ent answers to the question whether Berk's complaint can
be dismissed as insufficient because it was unaccompanied
by an affidavit.

It is true, as defendants and the concurrence are quick to
point out, that an affidavit of merit is a document separate
from the "pleading," and that, by its literal terms, Rule 8
defines only what the "pleading . . . must contain."  But we
think it is fair to infer that by specifying what information
about the merits is required in the "pleading," Rule 8 ex-
cludes the possibility of requiring even more information on
the same topic—whether in the "pleading" itself or on a sep-
arate sheet of paper attached to it.  Cf. *Jones*, 549 U. S., at
205, 212–217 (rejecting requirement that prisoners "attach
proof of exhaustion . . . to their complaints" as inconsistent
with Rule 8).  Rule 8 addresses what information a plaintiff
must provide about the merits of his claim at the outset of

litigation.  Section 6853 addresses the same issue—and in doing so, imposes a different standard.[2]

Resisting this conclusion, defendants cite *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949), for the broad proposition that all state "preconditions to proceeding" are consistent with the Federal Rules.  Brief for Respondent Beebe 26–27; see Brief for Respondent Choy 20–21.  They substantially overread *Cohen*.  There, a state law rendered an unsuccessful plaintiff in a shareholder derivative suit liable for all the defendant's expenses, including attorney's fees, and as security for that potential liability, required the plaintiff to post a bond before proceeding with the action.  337 U. S., at 543.  The plaintiffs argued that the bond requirement was displaced by then-Rule 23, which governed shareholder derivative suits in federal court.  *Id.*, at 556.  *Cohen* held that there was no conflict because the state law and Rule 23 addressed different issues: The state law created a liability, while Rule 23 dealt with "disclosure to the court and notice to the parties in interest."  *Id.*, at 555–556.

*Cohen* thus did not identify and exempt a broad category of so-called preconditions to proceeding from conflict with

———————

[2] The concurrence accuses us—and the "many Courts of Appeals" that agree with us—of "contorting" Rule 8 by reading it to implicitly preclude courts from requiring plaintiffs to provide additional information.  *Post*, at 10, and n. 6.  Yet drawing a negative inference from text is sometimes the best way to understand it.  See A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 107–111 (2012) (negative-implication canon).  And while the concurrence criticizes the negative inference we draw as "inattentively capacious," *post*, at 8, its Rule 3 analysis depends on an analogous inference.  Rule 3 establishes what happens once a complaint is filed: "A civil action is commenced by filing a complaint with the court."  Fed. Rule Civ. Proc. 3.  Section 6853, meanwhile, establishes what is required "to file the complaint . . . with the court": an affidavit of merit or an extension motion.  §6853(a)(1).  The concurrence finds a collision only by reading Rule 3 to implicitly foreclose any precondition to filing the complaint.  So if a negative inference is a "contortion," the concurrence's argument fails by its own measure.

the Federal Rules. It held that a particular state law addressed a matter that was unaddressed by the relevant Federal Rule. Here, by contrast, the state law and the Federal Rule address the same issue: the information that a plaintiff must provide about the merits of his claim at the outset of litigation. Describing the affidavit requirement as a "preconditio[n] to proceeding" does not magically dispel the conflict.

Defendants offer a workaround: They rewrite Delaware's law. While §6853 provides that an affidavit must "accompan[y]" the complaint, defendants suggest that the district court can simply require it "early in [a] case." Brief for Respondent Beebe 13; see also Brief for Respondent Choy 36 (suggesting affidavit can be filed "weeks" or "months" after the complaint). This proposal is inspired by §6853's allowance for an extension of time in which to file the affidavit. But defendants treat this exception—which is available only "for good cause shown"—as the rule and rework the exception to boot. In federal court, apparently, an extension motion need not precede or accompany the complaint; nor is the district court limited to granting one 60-day extension. See, *e.g.*, Brief for Respondent Beebe 23–25. And defendants' proposed changes do not stop there: They would also have us delete the provision that absolves a defendant from "tak[ing] any action with respect to the complaint" until the affidavit is filed. §6853(a)(4). Under Federal Rule 12(a)(1), service of the summons and complaint triggers a defendant's obligation to respond, and defendants admit that the Federal Rule controls on this point.

After defendants' edits, the Delaware law is no longer a pleading requirement that serves a gatekeeping function; it is a free-floating evidentiary requirement that can serve as the basis for an early dismissal. Yet even were it acceptable to take creative license with the Delaware law, there would be no way to enforce such a requirement. Defendants concede that the absence of an affidavit is not grounds for

dismissal under Rule 12(b)(6).  They float the possibility of dismissal for failure to prosecute, but that does not work because Berk actively participated in the litigation.  Defendants' first choice is the course the District Court took here: dismissal based on the court's inherent authority. The problem, however, is that the Federal Rules already prescribe a mechanism for putting a plaintiff to his proof: a motion for summary judgment.  See Fed. Rule Civ. Proc. 56. And that does not offer defendants the protection they want, because before ruling on the motion, the court must allow the nonmovant "adequate time for discovery." *Celotex Corp.* v. *Catrett*, 477 U. S. 317, 322 (1986); see also Rule 12(d) (requiring a "reasonable opportunity to present all the [pertinent] material" if motion to dismiss is converted to motion for summary judgment).  That defendants cannot fit the affidavit requirement into the Federal Rules illustrates that it has no place there.

Perhaps recognizing this, defendants devote most of their energy to arguing that the Federal Rules contain a loophole. According to defendants, a proviso tucked into Rule 11 makes state affidavit laws applicable in federal court even if they conflict with other Federal Rules.  Rule 11 provides that "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."  Fed. Rule Civ. Proc. 11(a).  Defendants argue that §6853 is a "statute [that] specifically states otherwise," *ibid.*, and it therefore applies in federal court regardless of whether it conflicts with other Federal Rules.

Even if Rule 11 incorporates some state affidavit laws, it does not incorporate this one.  Rule 11 governs the conduct of those who practice before courts: the "attorney of record" or the "party personally if the party is unrepresented." *Ibid.*  It requires the attorney or *pro se* party to certify, after "reasonable" inquiry, that the legal and factual representations made to the court are warranted.  Rule 11(b).  The sentence on which defendants rely simply "acknowledges"

that although Rule 11 generally puts the onus on the attorney or *pro se* party to vouch for representations, "in some situations *represented parties* are required by rule or statute to verify pleadings or sign affidavits." *Business Guides, Inc.* v. *Chromatic Communications Enterprises, Inc.*, 498 U. S. 533, 542 (1991) (emphasis added); see, *e.g.*, Fed. Rule Civ. Proc. 23.1 (requiring complaints in shareholder derivative actions to be verified). The sentence has nothing to do with affidavits from third parties. Accordingly, Rule 11 does not shield Delaware's law from displacement by Rule 8.

B

Because Rule 8 and §6853 answer the same question, Rule 8 governs so long as it is valid under the Rules Enabling Act, which requires that Federal Rules be procedural rather than substantive. 28 U. S. C. §2072(b) ("Such rules shall not abridge, enlarge or modify any substantive right"). The line between substance and procedure is hazy, and we draw it differently in different contexts. See *Hanna*, 380 U. S., at 471 ("The line between 'substance' and 'procedure' shifts as the legal context changes"). For purposes of the Rules Enabling Act, we use a modest test: whether the Federal Rule "really regulates procedure." *Sibbach* v. *Wilson & Co.*, 312 U. S. 1, 14 (1941). Or put differently, "[w]hat matters is what the Rule itself *regulates*: If it governs only 'the manner and the means' by which the litigants' rights are 'enforced,' it is valid." *Shady Grove*, 559 U. S., at 407 (plurality opinion) (quoting *Mississippi Publishing Corp.* v. *Murphree*, 326 U. S. 438, 446 (1946)).

In applying this analysis, we have "rejected every statutory challenge to a Federal Rule that has come before us." *Shady Grove*, 559 U. S., at 407 (plurality opinion). We have upheld Rules governing the certification of class actions, *id.*, at 408 (Rule 23); see *id.*, at 416, 436 (Stevens, J., concurring in part and concurring in judgment) (Rule 23);

service of process, *Mississippi Publishing Corp.*, 326 U. S., at 445–446 (Rule 4(f)); compelled mental and physical examinations, *Sibbach*, 312 U. S., at 14–16 (Rule 35); sanctions for frivolous appeals, *Burlington*, 480 U. S., at 8 (Rule 38); and sanctions for signing court papers without reasonably investigating the facts asserted, *Business Guides*, 498 U. S., at 551–554 (Rule 11).

Like those Rules, Rule 8 "really regulates procedure." *Sibbach*, 312 U. S., at 14. It determines what plaintiffs must present to the court about their claims at the outset of litigation. Although the Rule may have some "practical effect on the parties' rights," it regulates "only the process for enforcing those rights," not "the rights themselves, the available remedies, or the rules of decision." *Shady Grove*, 559 U. S., at 407–408 (plurality opinion).

Defendants do not contend otherwise. Instead, they argue that determining whether a Rule is valid under the Rules Enabling Act requires asking a second question: whether *the displaced state law* is substantive. We rejected that approach eight decades ago and decline to reconsider it now. See *Sibbach*, 312 U. S., at 14. On the contrary, we underscore that "the substantive nature of [a state] law, or its substantive purpose, *makes no difference*." *Shady Grove*, 559 U. S., at 409 (plurality opinion). To determine whether a Rule is valid under the Rules Enabling Act, the only question is whether it "really regulates procedure." *Sibbach*, 312 U. S., at 14. Rule 8 does, so it governs, and Delaware's affidavit law does not apply in federal court.

\*    \*    \*

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 24–440

HAROLD R. BERK, PETITIONER *v.*
WILSON C. CHOY, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

[January 20, 2026]

JUSTICE JACKSON, concurring in the judgment.

I agree with the Court that Delaware's affidavit requirement cannot apply in federal court. I write separately because, in my view, the relevant conflicts are with Federal Rules of Civil Procedure 3 and 12, not Rule 8.

## I

As the majority explains, Delaware's law is, at bottom, an "affidavit requirement." *Ante,* at 1. If a medical malpractice plaintiff wants her complaint deemed "filed" and his case docketed, the statute mandates that an affidavit of merit signed by a medical professional (or a motion for an extension of time to file the affidavit) must accompany the complaint. See Del. Code, Tit. 18, §6853(a)(1) (2025). By contrast, the Federal Rules require no such additional filing. Rather, "[a] civil action is commenced by filing a complaint with the court." Fed. Rule Civ. Proc. 3.

Thus, §6853 and Rule 3 conflict regarding the requirements to "commence" a medical malpractice action. If a federal court were to follow Delaware's law, a plaintiff would have to do more than merely tender the complaint in order for his medical malpractice lawsuit to be filed and docketed. But, under the language of Rule 3, civil suits commence as soon as the complaint—and only the complaint—has been

filed by the plaintiff.  In my view, this clash warrants re-
versal here.

As the majority explains, our cases make clear beyond
cavil that "a valid [Federal] Rule of Civil Procedure dis-
places contrary state law."  *Ante,* at 4.  Thus, the nub of the
conflict inquiry is to determine whether the State's require-
ment is, in fact, contrary to a Federal Rule.  Over time, we
have expressed this central inquiry in various ways.  See,
*e.g., Hanna* v. *Plumer,* 380 U. S. 460, 472 (1965) (asking
whether "the applicable Federal Rule is in direct collision
with the [state] law"); *Burlington Northern R. Co.* v. *Woods,*
480 U. S. 1, 4–5 (1987) (asking whether the scope of the
Federal Rule is "'sufficiently broad'" to "'control the issue'"
before the Court, "thereby leaving no room for the opera-
tion" of the state law (quoting *Walker* v. *Armco Steel Corp.,*
446 U. S. 740, 749–750, and n. 9 (1980))).  But as the ma-
jority acknowledges, our most up-to-date approach to iden-
tifying the necessary conflict is to ask whether the Federal
Rule and the state statute "attemp[t] to answer the same
question."  *Shady Grove Orthopedic Associates, P. A.* v. *All-
state Ins. Co.,* 559 U. S. 393, 399 (2010); see also *ante,* at 4.[1]

_____

[1] To the extent that the Court suggests that the Federal Rule's plain
text is all that matters when answering this question, that is not what
our precedents hold.  In *Gasperini* v. *Center for Humanities, Inc.,* 518
U. S. 415 (1996), we explained that Federal Rules must be interpreted
not solely based on their text—as the much earlier case of *Walker* v.
*Armco Steel Corp.* had suggested in a footnote—but also "with sensitivity
to important state interests and regulatory policies," 518 U. S., at 427,
n. 7.  The majority opinion in *Shady Grove* subsequently criticized
*Gasperini*'s "search for state interests and policies that are 'important'"
as "standardless."  559 U. S., at 405, n. 7.  But five Justices in that case
(*i.e.,* a majority) agreed nevertheless with *Gasperini*'s approach to inter-
preting the Federal Rules in this context.  See 559 U. S., at 437 (Gins-
burg, J., dissenting) (writing for three other Justices that the Court
should "continue to interpret Federal Rules with awareness of, and sen-
sitivity to, important state regulatory policies"); *id.,* at 418 (Stevens, J.,
concurring in part and concurring in judgment) (explaining that the

Per *Shady Grove*, once a conflict between the State's requirement and a Federal Rule has been identified, the Federal Rule displaces the State's requirement so long as the Rule is "valid," meaning that it "governs only 'the manner and the means' by which the litigants' rights are 'enforced.'" 559 U. S., at 407 (plurality opinion) (quoting *Mississippi Publishing Corp.* v. *Murphree*, 326 U. S. 438, 446 (1946)); see also 28 U. S. C. §2072(b) (Rules Enabling Act). And for similar reasons to those given in Part II–B of the majority opinion, Rule 3 easily satisfies this standard. See *ante,* at 10–11; see also *Shady Grove*, 559 U. S., at 407 (plurality opinion) (noting that we have "rejected every statutory challenge to a Federal Rule that has come before us").

Accordingly, Delaware's affidavit requirement cannot apply in federal court.

## II

The majority and I start in the same place and ultimately reach the same conclusion, but we have taken different paths, marked by different assumptions and nuances. I agree with the majority that the first step of today's analysis is to identify the relevant conflict by ascertaining the question that the Delaware law and the Federal Rule "attemp[t] to answer." *Shady Grove*, 559 U. S., at 399; see *ante,* at 4. But I disagree that, in this case, "the disputed question is whether Berk's lawsuit may be dismissed because his complaint was not accompanied by an expert affidavit." *Ante,* at 4. Here is why.

---

Federal Rules "must be interpreted with some degree of 'sensitivity to important state interests and regulatory policies'" (quoting *Gasperini*, 518 U. S., at 427, n. 7)). So, under our precedents, courts must be mindful of state interests and policies when determining whether a Federal Rule conflicts with state law.

A

First and foremost, that formulation of the question assumes that Berk's lawsuit has already been properly accepted by the court clerk (*i.e.*, filed and docketed) and thus that §6853 is answering whether the "lawsuit may be dismissed" for want of the required affidavit. *Ante*, at 4. But that assumption jumps the gun. Delaware's law states that "[n]o health-care negligence lawsuit shall be *filed* in this State unless the complaint is accompanied by: (1) [a]n affidavit of merit" or (2) "a motion to extend the time to file said affidavit." §6853(a)(1) (emphasis added). The statute further specifies that "[i]f the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit . . . has not been filed with the court, then the . . . clerk of the court shall *refuse to file* the complaint and it shall not be *docketed* with the court." *Ibid.* (emphasis added).

Accordingly, the text of §6853 makes clear that the statute's first order of business is not to address the requirements for dismissal of an affidavit-free lawsuit such as Berk's. Instead, §6853 most directly answers the threshold question of what is required *to start* a civil action for medical malpractice under Delaware law. Delaware's response is that the plaintiff must submit an affidavit of merit, or a motion for an extension of time to file such affidavit, because (to repeat) the clerk cannot "file the complaint" or "docke[t]" the case without that additional filing. §6853(a)(1).

Rule 3 provides a completely different answer to the question of what is required to start a medical malpractice case. As explained above, under that Rule, "[a] civil action is commenced by filing a complaint with the court"—period. That answer leaves "no room" for Delaware's insistence that an affidavit of merit (or a motion for an extension) must be submitted in order to commence this kind of legal action. *Burlington*, 480 U. S., at 5. Indeed, Rule 3 uses the

uncompromising, declarative phrase "is commenced," plainly indicating that Congress meant for the "filing [of] a complaint" to be both necessary *and sufficient* to begin any civil case (including a malpractice action) in federal court. Cf. *Walker*, 446 U. S., at 750, n. 10 ("'Rule 3 simply provides that an action is commenced by filing the complaint and has as its primary purpose the measuring of time periods that begin running from the date of commencement'" (quoting 4 C. Wright & A. Miller, Federal Practice and Procedure §1057, p. 191 (1969))); *Hallstrom* v. *Tillamook County*, 493 U. S. 20, 26 (1989) (reading Rule 3 to mean that "filing a complaint with the court" is synonymous with "fil[ing] suit").[2]

Resisting this conclusion, defendants rely on three cases from 1949, arguing that "this Court has long found applicable in federal court" "state-law condition[s] on allowing suits to proceed." Brief for Respondent Beebe 26–27, and

_____

[2] The majority contends that its dismissal-focused formulation of the question is the right one because, in this case, "Berk's lawsuit *has* already been filed and docketed," and "we granted certiorari" on the question "whether Berk's lawsuit may be dismissed." *Ante,* at 4, n. 1. That argument conflates the question presented with the "question" that, under *Shady Grove*, is supposed to serve as the linchpin of our conflict analysis. 559 U. S., at 401. The latter comes not from the facts of the case, but rather from our interpretations of the potentially conflicting state law and Federal Rule. So, while it may be that the *question presented* is "whether Berk's lawsuit may be dismissed," the relevant question for our *Shady Grove* analysis is "what is required to start a medical malpractice case," because that is the question that §6853 and, as it happens, Rule 3, "attemp[t] to answer," *Id.,* at 399.

Nor is the majority correct that, regardless, I am "ultimately forced to grapple with the question whether Berk's lawsuit may be 'dismiss[ed].'" *Ante,* at 4, n. 1 (alteration in original). As I stated above, §6853's conflict with Rule 3 is enough to hold that the law cannot apply in federal court. And, as I have shown, the Rule 3 analysis is about the commencement of the action, not its dismissal. Once we determine that §6853 and Rule 3 answer the same commencement-related question, §6853 cannot apply in federal court, meaning that Berk's lawsuit cannot be thwarted for failure to satisfy the requirements of that state law.

n. 11; see also Brief for Respondent Choy 36–37.  But that argument mischaracterizes our past rulings.  See *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949); *Woods* v. *Interstate Realty Co.*, 337 U. S. 535 (1949); *Walker* v. *Armco Steel Corp.*, 446 U. S. 740.

The majority has already ably explained that defendants "substantially overread" *Cohen* for the proposition that "all state 'preconditions to proceeding' are consistent with the Federal Rules." *Ante,* at 7.  I think *Walker* and *Woods* are also easily distinguishable.

As with *Cohen*, respondents overstate the effect of *Walker*.  There, we held that a federal court sitting in diversity must apply an Oklahoma law that deemed an action "commenced" upon service of the summons *for purposes of the State's statute of limitations*.  446 U. S., at 742.  Rule 3, we explained, "governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations." *Id.*, at 751.  Here, by contrast, §6853 and Rule 3 serve precisely the same function, in the same context: Both establish when a malpractice lawsuit is deemed initiated (*i.e.*, filed and docketed) for purposes of determining "the date from which various timing requirements of the Federal Rules begin to run." *Ibid.* That is precisely the kind of conflict that bars the application of state law in federal court under our precedents.[3]

Defendants' reliance on *Woods* is similarly unavailing.  There, we held that a federal court sitting in diversity must apply a Mississippi law prohibiting out-of-state

---

[3] Proving this point, another provision of the Delaware law, §6853(a)(4), provides that a defendant is "not required to take any action with respect to the complaint . . . until 20 days after plaintiff has filed the affidavit."  Under the Federal Rules, however, the deadline for a responsive act by the defendant is anchored to the filing of the complaint. See Fed. Rules Civ. Proc. 4(m) (a plaintiff must serve the complaint and summons "within 90 days after the complaint is filed") and 12(a)(1)(A)(i) (a defendant "must serve an answer . . . within 21 days after being served with the summons and complaint").

corporations from bringing suit in the State unless they designated an agent for service of process. 337 U. S., at 536, n. 1. Mississippi's law was enacted to ensure that only those out-of-state corporations that consented to being sued in Mississippi had the privilege of accessing Mississippi's courts. See *ibid.* In other words, Mississippi's law had a broad substantive purpose and effect that went well beyond what the Federal Rules addressed. That was why we had to wade through "*Erie*'s murky waters" to decide the conflicts question that case presented. See *Shady Grove*, 559 U. S., at 398; see *Erie R. Co.* v. *Tompkins*, 304 U. S. 64 (1938). Delaware's affidavit requirement, by contrast, is plainly procedural in scope and well within the territory of the Federal Rules.

In short, our precedents establish that when a state law and a valid Federal Rule conflict—because they answer the same procedural question—the State's requirement is inapplicable in federal court. Because §6853 answers the same question about what is required to commence a medical malpractice action as the unquestionably valid Rule 3, Delaware's law must give way. See *Hanna*, 380 U. S., at 469–474.

B

If we accept, for the sake of argument, that the question Delaware's law attempts to answer is "whether [a medical malpractice complaint] may be dismissed because [it] was not accompanied by an expert affidavit," *ante,* at 4, a problem arises: The Federal Rule the majority points to does not answer that same question.

The majority discerns a conflict with Rule 8 by reasoning as follows. With respect to the dismissal-related question quoted above, Delaware's law says that such a complaint must be dismissed because the affidavit of merit is missing, whereas Rule 8 prescribes all "the information a plaintiff must present about the merits of his claim at the outset of

litigation"—namely, "'a short and plain statement of the claim showing that [he] is entitled to relief.'" *Ante*, at 5 (quoting Fed. Rule Civ. Proc. 8(a)(2)). "By requiring no more than a statement of the claim," the majority continues, "Rule 8 establishes 'implicitly, but with unmistakable clarity,' . . . that evidence of the claim is *not* required.'" *Ante*, at 5.

The problem with this reasoning is not that it is based on "a negative inference" about Rule 8, *id.,* at 7, n. 2, but rather the inattentively capacious scope of that negative inference. I agree that Rule 8(a)'s finite list "preclude[s] courts" from imposing additional requirements. *Ibid*.; see *Leatherman* v. *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U. S. 163, 168 (1993). But context is critical: Rule 8 does not purport to establish *all* that a medical malpractice plaintiff can be required to say about the merits of his claims at the beginning of the case, much less that nothing more than the filing of a complaint can be mandated. Rather, it (more narrowly) addresses what any *"pleading"* stating a claim for relief must contain. See Rule 8(a) ("A *pleading* that states a claim for relief must contain . . ." (emphasis added)). The majority neither holds nor suggests that §6853's affidavit of merit is, itself, a "pleading"; to the contrary, the majority admits that the affidavit is not. *Ante,* at 6. So, as I see it, Delaware's law—which prescribes what a plaintiff must submit *in addition to* his pleadings in order for his complaint to be filed and his case docketed—does not actually conflict with Rule 8.

The majority acknowledges this "pleading" problem and offers, apparently as a solution, yet another formulation of the question that Rule 8 is answering: Rule 8, it says, tells us "what information a plaintiff must provide about the merits of his claim." *Ante,* at 6. But, again, this description fails to acknowledge that Rule 8 operates entirely within a specific universe: the pleadings. The majority's unbounded characterization subtly frees Rule 8 from the constraint of

its subject matter, allowing it to expand until it collides with Delaware's law.[4]

When properly construed, Rule 8 addresses a particular (and particularly important) procedural question: "What must a pleading that states a claim for relief contain?"[5] In my view, this narrower formulation of the question—the one tethered to the required contents of a "pleading"—keeps Rule 8 within the bounds of its plain meaning, consistent with *Gasperini*'s command not to overread the Federal Rules at the expense of "important state interests and regulatory policies" in cases such as this one. *Gasperini* v. *Center for Humanities, Inc.*, 518 U. S. 415, 427, n. 7 (1996); see also n. 1, *supra.*

Accordingly, because §6853 does not address or govern the required contents of a pleading, Delaware's law does not answer the same question as Rule 8. Instead, the State's affidavit requirement (which, incidentally, neither describes the affidavit of merit in relation to a plaintiff's obligation to state a claim for relief nor treats it as evidence) is an additional filing requirement for commencing any medical malpractice civil action under state law. See §6853(a)(1) ("No health-care negligence lawsuit shall be

_____

[4] The majority's description of Rule 8's work is inaccurate even if confined to the universe of pleadings. Rule 8 does not "addres[s] *what* information a plaintiff must provide about the merits of his claim" in the pleadings. *Ante,* at 6 (emphasis added). Instead, with respect to a pleading that states a claim for relief (as opposed to one that does not, see Rule 7), Rule 8 governs *how much* a plaintiff must say concerning his claim. Rule 8's primary purpose is to install a "simplified pleading system" that requires a complaint to include nothing more than "'short and plain statement[s]'" of the claim, the grounds for jurisdiction, and the relief sought. *Swierkiewicz* v. *Sorema N. A.*, 534 U. S. 506, 512, 514 (2002). In other words, Rule 8's innovation is the "short and plain" bit, not the substance of what is required to be stated in that manner.

[5] The answer, under the Rule, is (1) "a short and plain statement of the grounds for . . . jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Rule 8(a).

filed in [Delaware] unless the complaint is accompanied by . . . [a]n affidavit of merit"). Finding a Rule 8 conflict, as the majority does, thus requires contorting *both* Rule 8 and §6853. There is no need to do so here, especially given the ready conflict with Rule 3 (discussed above) and Rule 12 (described below).[6]

### III

The majority and I appear to agree that Delaware's affidavit requirement—as interpreted by the Delaware Supreme Court—conflicts with Rule 12(d). See *ante,* at 5. That conflict suffices to displace §6853's requirement. But to the extent that the majority ties its Rule 12 analysis to the purported Rule 8 conflict, see *ibid.*, I think the majority has gone further than it needs to, introducing incoherence in the process.

While the statute itself does not so specify, the Delaware Supreme Court has interpreted §6853 to mean that (assuming the clerk of court accepts an affidavit-free medical malpractice action and dockets the case notwithstanding the statute's prohibition) "[t]he filing of a healthcare negligence

_____

[6] To be sure, many Courts of Appeals have also relied on a conflict with Rule 8 to hold that state affidavit-of-merit laws like Delaware's do not apply in federal court. See *Albright* v. *Christensen*, 24 F. 4th 1039, 1048–1049 (CA6 2022); *Gallivan* v. *United States*, 943 F. 3d 291, 293 (CA6 2019); *Pledger* v. *Lynch*, 5 F. 4th 511, 519 (CA4 2021); *Young* v. *United States*, 942 F. 3d 349, 351 (CA7 2019). But a closer look at the relevant cases reveals that these courts, like the majority, got there by manipulating the relevant question. In *Gallivan*, for example, the Sixth Circuit posed as the pertinent question: "[D]oes someone need an affidavit of merit to state a claim for medical negligence?" 943 F. 3d, at 293. This leading question not only ignores (as the majority does) that Rule 8 is solely about "pleadings," but, worse, also preordains a conflict by naming the very thing that the state law requires but the Federal Rule does not (*i.e.*, an affidavit). The Fourth and Seventh Circuits make the same error. See *Pledger*, 5 F. 4th, at 519 (asking "whether a medical malpractice plaintiff must provide pre-suit expert support for his claim"); *Young*, 942 F. 3d, at 351 (asking whether Rule 8 "require[s] attachments").

action without the requisite affidavit of merit constitutes grounds of dismissal of medical negligence claims as a matter of law." *Hall* v. *Sorouri*, 996 A. 2d 793 (Del. 2010) (Table). That reading of Delaware law answers the question, "What can a court consider when dismissing a medical malpractice case?" Because "[t]he highest state court is the final authority on state law," *Fidelity Union Trust Co.* v. *Field*, 311 U. S. 169, 177 (1940), we must read this statute as that court does, *i.e.*, as establishing dismissal requirements for medical malpractice cases. Thus, if a valid Federal Rule answers that same dismissal question, §6853 cannot govern in federal court. See *Shady Grove*, 559 U. S., at 398.

Enter Rule 12. As the majority correctly explains, Rule 12(b)(6) provides the "only . . . ground for dismissal based on the merits," and Rule 12(d) prohibits courts from considering "'matters outside the pleadings'" in deciding motions to dismiss brought under Rule 12(b)(6). *Ante,* at 5; see also *Stanley* v. *City of Sanford*, 606 U. S. 46, 49 (2025) (explaining that, under Rule 12(d), a judge considering a motion to dismiss must "take as true the well-pleaded facts in the plaintiff's complaint, . . . and [must] not consider evidence beyond that pleading"). Furthermore, by all accounts, the affidavit required by Delaware's law is a "matte[r] outside the pleadings." Rule 12(d); see *ante,* at 6 ("It is true . . . that an affidavit of merit is a document separate from the 'pleading'").

We know the affidavit of merit qualifies as a "matter outside the pleadings" for several reasons. For one thing, Delaware law provides that the affidavit is to "accompany" the complaint. §6853(a)(1). A thing cannot "accompany" that of which it is already a part.[7] Indeed, Delaware's

--------

[7] To be sure, plaintiffs can, in limited contexts, "incorporat[e]" certain documents "into the complaint by reference." *Tellabs, Inc.* v. *Makor*

Legislature apparently felt so strongly about the affidavit not being part of the complaint that it mandated *physical* separation: By statute, the affidavit must be filed in its own sealed envelope, alongside (but apart from) the complaint. See *ibid.* Nor do the Federal Rules suggest that affidavits of the nature specified by the Delaware law *can* qualify as "pleadings." Rule 7, which sets forth a list of "[p]leadings [a]llowed" in federal court, does not include an "affidavit" (or anything like it) on its list.

Pulling these threads together, Delaware's law, as interpreted by the Delaware Supreme Court, requires judges to account for a matter *outside the pleadings—i.e.,* the existence or sufficiency of an affidavit of merit (or lack thereof )—when deciding whether to dismiss a medical malpractice case. Rule 12(d), however, forbids such extraneous considerations. And Rule 12 is valid under the Rules Enabling Act (for similar reasons as the Court lays out in its opinion, see *ante,* at 10–11). So Delaware's law cannot be enforced in federal court.

As far as I can tell, then, there is no daylight between my view of the Rule 12 conflict and the majority's assessment. But far from "reinforc[ing]" a conflict with Rule 8, *ante,* at 5, our shared evaluation of Rule 12 is, to me, yet another reason why Delaware's law is *not* in conflict with Rule 8. See Part II–B, *supra.* The conflicts analysis concerning these two Rules is based on diametrically opposed characterizations of Delaware's affidavit of merit: The affidavit must be *either* a "matter outside the pleadings" (and thus §6853 conflicts with Rule 12, per the Delaware Supreme Court's decision in *Hall*) *or* it is part of what the pleadings must contain (giving rise to the purported conflict with Rule 8). A coherent conflicts analysis cannot have it both ways.

_____

*Issues & Rights, Ltd.*, 551 U. S. 308, 322 (2007). But the affidavit of merit is not such a document because its content is neither discoverable nor admissible. See §6853(d).

\*　　\*　　\*

Read for what they are—by their "plain meaning," sensitive to context yet without distortions created by the task of checking for a conflict, see *Walker*, 446 U. S., at 750, n. 9; *Gasperini*, 518 U. S., at 427, n. 7—Rules 3 and 12 answer the same questions as Delaware's affidavit requirement. That means that the majority and I share the same conclusion: There is a conflict between state law and valid Federal Rules, precluding application of Delaware's affidavit requirement in federal court. For the reasons discussed above, I think the majority is wrong to further maintain that §6853 answers the same question as Rule 8. And I cannot see how the affidavit that the Delaware law requires can be a "matter outside the pleadings" (for Rule 12-conflict purposes) and also part of the "pleadings" (for Rule 8-conflict purposes). Therefore, I concur only in the judgment.